Opinion issued July
7, 2011

 



 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00626-CR

____________

 








MICHAEL MORENO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 952558

 

 



MEMORANDUM OPINION








Appellant, Michael Moreno, was
charged with the offense of burglary of a habitation, enhanced by two prior
felony convictions.  Appellant pleaded
not guilty to the primary offense and pleaded “true” to the enhancements.  A jury found appellant guilty and
affirmatively answered the special issue submitted on the use of a deadly
weapon.  The trial court found the
enhancements true and assessed punishment at 45 years’ confinement.  This court affirmed appellant’s conviction in
Moreno v. State, No. 01-04-00067-CR,
2005 WL 1910809, at *7 (Tex. App.—Houston [1st Dist.] Aug. 11, 2005, no pet.).  Subsequently, appellant moved for post-conviction
DNA testing.[1]  The trial court denied the motion, and
appellant appealed.

Appellant’s counsel on appeal has
filed a motion to withdraw, along with an Anders
brief stating that the record presents no reversible error and therefore the
appeal is without merit and is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We affirm the trial court’s judgment and
grant counsel’s motion to withdraw. 

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re
Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008).  If an appointed
attorney finds a case to be wholly frivolous, his obligation to his client is
to seek leave to withdraw.  Id. 
Counsel’s obligation to the appellate court is to assure it, through an Anders brief, that, after a complete
review of the record, the request to withdraw is well-founded. Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se [petition for
discretionary review]; 

(2)     the
attorney has informed us that he has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

 

See id. at
408–09. 
If we agree that the appeal is wholly frivolous, we will grant the
attorney’s motion to withdraw and affirm the trial court’s judgment. See Garner v. State, 300 S.W.3d 763, 766
(Tex. Crim. App. 2009).  If we conclude that arguable grounds for
appeal exist, we will abate the case and remand it to the trial court to
appoint new counsel to file a brief on the merits.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

Here, counsel’s brief reflects that
he delivered a copy of the brief and record to appellant, and the record
reflects that appellant was informed of his right to file a response.  Schulman,
252 S.W.3d at 408.  More than 30 days
have passed, and appellant has not filed a pro se brief.  See id.
at 409 n.23 (adopting 30-day period for response).  

          Counsel’s
brief meets the Anders requirements
by presenting a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978).  Counsel
discusses the evidence adduced at the trial, supplies us with references to the
record, and provides us with citation to legal authorities. Counsel indicates
that he has thoroughly reviewed the record and that he is unable to advance any
grounds of error that warrant reversal.  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Mitchell v. State, 193
S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  

We have independently reviewed the entire
record, and we conclude that no reversible error exists in the record, that
there are no arguable grounds for review, and that therefore the appeal is
frivolous.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Garner, 300 S.W.3d at 767 (explaining that
frivolity is determined by considering whether there are “arguable grounds” for
review); Bledsoe, 178 S.W.3d at 826–27
(emphasizing that reviewing court—and not counsel—determines, after full
examination of proceedings, whether the appeal is wholly frivolous); Mitchell, 193 S.W.3d at 155.  Although we may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so.  See
Garner, 300 S.W.3d at 767.  An
appellant may challenge a holding that there are no arguable grounds for appeal
by filing a petition for discretionary review in the Court of Criminal Appeals.
See Bledsoe, 178 S.W.3d 827 & n.6.

We grant counsel’s motion to withdraw[2]
and affirm the trial court’s judgment. Attorney Bob Wicoff must immediately
send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a
copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).

PER CURIAM

 

Panel consists of Chief Justice Radack and Justices
Sharp and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b).

 

 











[1]
              See Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2,
3, amended by Act of May 24, 2007,
80th Leg., R.S., ch. 1006, § 4, 2007 Tex. Gen. Laws 3523, 3524 (current version
at Tex. Code Crim. Proc. Ann. art.
64.03 (Vernon Supp. 2010)). The current version of article 64.03 applies to a
motion for DNA testing filed on or after September 1, 2007, the effective date
of the amendments. Here, appellant’s motion was filed on January 24, 2007.
Accordingly, we apply the former version of article 64.03 in this case.   





[2]
              Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that appellant may, on his own, pursue discretionary review in the Texas Court
of Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).